Parker C. J.
delivered the opinion of the Court. We think it very clear that the notice proved to have been sent to the defendant by Stevenson the notary, was not early enough to hold the defendant as indorser. The bill was dishonored here on the 11th of August, 1825. Suppose the agent here, instead of causing notice to be given immediately, had done right, as he had no orders, in sending the bill to his principal in New York, the principal was then bound to give the notice himself in due season. There is no doubt, from the evidence, that he received news of the fate of the bill on its presentment to the drawee, on the 13th. He should have written from New York the next day ; instead of which, he sends the bill back to Boston, directing his agent here to cause notice to be given, and on the 19th the notary forwards the notice to New Orleans. The lapse of time between the 13th and 19th is not accounted for. Had the direction been sent to the post-office in New York on the 14th, as would be necessary in order to give seasonable notice, it must have reached Boston as early as the 16th or 17th at furthest ; why then postpone the notice until the 19th ? The law is entirely settled here, in England and in New York, that notice must be sent by the next day’s mail after knowledge of the dishonor of a bill. There is loches then, either in the plaintiff in New *56 York, or his agent in Boston, and it is immaterial which.
Upon this evidence the defendant cannot be charged.[1]
But the plaintiff proposed to prove an earlier notice from New York, by the deposition of Bancker, who stood on the bill as the immediate indorser to the plaintiff, the defendant being payee and first indorser. This deposition was excluded on the objection that Bancker was interested in the event of the suit. Cases have been cited by the plaintiff’s counsel to show that an indorser is a competent witness ; and there is no doubt that to some purposes and under some circumstances he is. The question turns altogether upon his interest, and not upon his character as a party to the bill. Prima facie he would seem to be interested to fix the payment upon Clark, for thereby he will be discharged ; and although a judgment against Clark without satisfaction will not release Bancker, yet the ability or inability of Clark to pay, w.e think cannot vary the question. There may be an attachment or security m some form, and if not, his insolvency is not to be presumed, and there is no evidence that it exists. It is suggested that the witness stands indifferent, but this is not so, Clark having no right of action against him. If the witness were a prior instead of a subsequent indorser, this argument would have some force. In our cases which have been cited, an indorser standing as this witness does has always been held to be incompetent.I
There is then a motion to take off the nonsuit, in order that the plaintiff may have opportunity to take a new deposition of Bancker, after giving him a release. This was a matter of discretion with the judge at the trial, and was referred to the whole Court, rather for their advice than because it was conceived to be a question of law. I did not recollect, nor does any one of the other judges, any instance of granting such a motion for such a purpose, after a nonsuit in the ordinary course of trial. We all think it would be productive of great mischief, to sanction such a practice, and that it may as well *57 be done after a verdict as after a nonsuit so entered. The motion for continuance should be made upon the rejection of the evidence and before any disposition of the cause.
But the purpose for which the motion is made is not sufficient. It is, to qualify a witness by a release (generally formal between the parties), who at the trial was incompetent. A continuance, or even a postponement, for such a purpose, is not recollected ; even before any disposition of the cause has taken place,
In this particular case there seemed to be no sufficien ground for indulgence. The objection was a general one m its nature, and must have been foreseen, and ought to have been provided against by other testimony or a release of this witness before bis deposition was taken.
It has been urged that the objection to the witness might be considered as waived, because exception was not taken when the commission issued or when the witness was examined; but we think such has not been the practice, and that an objection in court when the deposition is offered, is seasonable. The case of Potter v. Leeds, cited in support of the plaintiff’s position, is not similar. It was decided only, that all question as to the form of interrogatories should be made before the commission goes, to give the other party opportunity to vary his interrogatories. But objections to the competency of a witness should be made to the court at the trial.[1]
The nonsuit cannot be taken off.

 See Church v. Barlow, 9 Pick. 549; ¡7. S. Bank v. Barlow, 5 Mason 366; Ogden v. Dobbin, 2 Hall, (New York,) 112; Bayley on Bills, (2d Am edit.) 267,269.

 See Bayley on Bills, (2d Am. edit.) 595, and cases cited in notes.

 See Revised Stat. c. 94, § 26.